# NO. 12-18-00089-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RONALD JAY COLLINS, APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ronald Jay Collins appeals his conviction for possession of a prohibited item in a correctional facility. In one issue, Appellant argues that his sentence is grossly disproportionate to his offense. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a prohibited item in a correctional facility, enhanced by four prior felony offenses. He pleaded "not guilty" to the offense, and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged. Appellant pleaded "true" to the enhancement paragraphs, and the jury assessed his punishment at imprisonment for thirty years. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the trial court violated the constitutional prohibition against cruel and unusual punishment by sentencing him to imprisonment for thirty years. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Specifically, he contends that his sentence is grossly disproportionate to his offense, considering the facts and circumstances of the offense and

compared with sentences imposed on other defendants for the same offense. *See Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983).

The State argues that Appellant failed to preserve error for our review by a timely objection or motion in the trial court. When a defendant fails to object to the disproportionality of his sentence in the trial court, he forfeits such error on appeal. *See* TEX. R. APP. P. 33.1; *Solis v. State*, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (Texas cruel or unusual punishment error forfeited where defendant failed to object); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment cruel and unusual punishment error not preserved where defendant failed to object). Here, Appellant did not object in the trial court to the disproportionality of his sentence. Therefore, any error in this regard has been forfeited. *See id.*

However, despite Appellant's failure to preserve error, we conclude that his sentence does not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)). The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment assessed within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In this case, Appellant was convicted of possession of a prohibited item in a correctional facility, enhanced, the punishment range for which is twenty-five to ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 38.11(d)(2), (g) (West Supp. 2018). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant contends that his sentence is grossly disproportionate to his offense because of his psychological history and because other offenders have received much shorter sentences for the same offense committed with a "much more serious prohibited item."[1] We disagree.

Under the three-part test originally set forth in *Solem v. Helm*, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test was modified by Texas courts and the Fifth Circuit Court of Appeals after the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is "grossly disproportionate" to the crime before addressing the second and third elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.). This threshold determination is made by comparing the gravity of the offense to the severity of the sentence. *See McGruder*, 954 F.2d at 316. Thus, Appellant's psychological history and the sentences received by others are not factors that we consider in determining whether his sentence is grossly disproportionate. *See id.*

In determining whether Appellant's sentence is grossly disproportionate, we are guided by the holding in *Rummel v. Estell*. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

---

[1] Appellant was convicted of possessing in the Houston County Jail a deadly weapon, specifically, a piece of metal with a point on one end.

3

In the case at hand, the charged offense of possession of a prohibited item in a correctional facility, along with Appellant's four enhancement offenses—burglary of a building, felony possession of a controlled substance, and two cases of engaging in organized criminal activity, are more serious than the combination of offenses committed by the appellant in *Rummel*, yet Appellant's thirty-year sentence is less severe than that upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant here. Therefore, since the threshold test has not been satisfied, we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845–46. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered December 4, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 4, 2018**

**NO. 12-18-00089-CR**

**RONALD JAY COLLINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court
of Houston County, Texas (Tr.Ct.No. 17CR-191)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*